OPINION
{¶ 1} Defendant, Joseph Johnson, appeals from his convictionand sentence for operating a motor vehicle while under theinfluence of alcohol. ("OMVI").
 {¶ 2} Officer Robbie Graham is a twenty-two year veteran ofthe Huber Heights police department. He has been trained in howto detect persons who are driving under the influence of alcohol,including the use of the horizontal gaze nystagmus ("HGN") test.Officer Graham has made hundreds of arrests for OMVI.
 {¶ 3} On November 17, 2002 around 7:00 p.m., Officer Grahamwas dispatched to Charlesgate and Troy Pike in Huber Heights onreport of an accident. Officer Graham was looking for one of thedrivers who reportedly fled the scene, but had left his driver'slicense with the other party involved in the accident.
 {¶ 4} At the scene of the accident Officer Graham spoke withOfficer Felts and obtained the name and a physical description ofthe suspect who left the scene. Officer Graham asked the policedispatcher to call some nearby businesses and ask them to be onthe lookout for the suspect.
 {¶ 5} Just fifteen minutes later, an employee at the Lowesstore, located about one quarter mile from the accident scene,called police and advised that a person matching the descriptionof the suspect had walked into the store.
 {¶ 6} Officer Graham went to the Lowes store, and uponentering he encountered an employee who indicated that the personGraham was looking for was in the garden center section of thestore. Officer Graham walked to that area and spotted thesuspect, Defendant Joseph Johnson.
 {¶ 7} Officer Graham approached Defendant, and when he did hesmelled a strong odor of alcohol on Defendant's person. OfficerGraham spoke to Defendant and noticed that his speech was slurredand not understandable at times.
 {¶ 8} The name Defendant gave Officer Graham matched the nameon the driver's license that was left at the scene of theaccident. When Officer Graham asked, Defendant admitted that hehad been involved in the accident. Officer Graham asked Defendantto come outside with him. Graham noticed that Defendant staggeredas he walked.
 {¶ 9} Outside the store Officer Graham advised Defendant of his Miranda rights. The odor of alcohol on Defendant's person, plus his slurred speech and bloodshot eyes caused Officer Graham to suspect that Defendant was under the influence. Officer Graham administered a horizontal gaze nystagmus (HGN) test, which he has performed over one hundred times. Based upon Defendant's performance on that test, Officer Graham concluded from his experience that Defendant had failed that test and was under the influence of alcohol.
{¶ 10} Officer Graham asked Defendant to submit to other fieldsobriety tests, but Defendant refused. Defendant also refused abreathalyzer test. When Officer Graham asked Defendant if he hadbeen drinking, Defendant admitted that he was drinking earlier.Officer Graham arrested Defendant for OMVI and he was transportedto jail.
 {¶ 11} Defendant was cited for OMVI in violation of R.C.4511.19(A)(1), and failure to control in violation of R.C.4511.202. Defendant filed a motion to suppress evidence, arguingthat police lacked probable cause to arrest him.
 {¶ 12} Following a hearing, the trial court overruledDefendant's motion to suppress. Defendant then entered a plea ofno contest to the charges and was found guilty.
 {¶ 13} On the OMVI charge the trial court sentenced Defendantto twenty-nine days in jail, five hundred fifty dollars in finesplus court costs, and a two year driver's license suspension. Onthe failure to control charge the court fined Defendant fivedollars plus court costs. Imposition of sentence was stayedpending Defendant's appeal to this court.
 {¶ 14} Defendant has timely appealed to this court from hisconviction and sentence.
 ASSIGNMENT OF ERROR {¶ 15} "The arrest in this case violated the fourth amendmentto the united states constitution because the officer made thearrest without probable cause."
 {¶ 16} Defendant argues that Officer Graham did not havesufficient reasonable suspicion of OMVI to justify theadministration of a field sobriety test and, following that, didnot have probable cause to arrest him for OMVI. We disagree. Onthe facts and circumstances present in this case, the detentionand arrest of Defendant was lawful.
 {¶ 17} Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a reasonably prudent person in believing that an offense has been committed and that defendant committed it. Beck v. Ohio (1964), 379 U.S. 89, 91; State v. Timson
(1974), 38 Ohio St.2d 122.
 {¶ 18} Prior to administering any field sobriety tests Officer Graham knew that Defendant had been involved in the accident he was investigating, that Defendant had left the scene of that accident, leaving his driver's license behind with the other party involved in the accident, that Defendant had a strong odor of alcohol on his person as well as slurred speech and bloodshot eyes, and that he staggered when he walked. These facts and circumstances clearly give rise to a reasonable suspicion of driving under the influence of alcohol sufficient to justify the administration of field sobriety tests. Defendant's reliance upon two of our previous cases, State v. Spillers (Mar. 24, 2000), Darke App. No. 1504; State v. Dixon (Dec. 1, 2000), Greene App. No. 2000-Ohio-30, is misplaced because those cases are easily distinguished on their facts.
{¶ 19} After administering the HGN test to Defendant, OfficerGraham concluded, based upon his experience and Defendant'sperformance, that Defendant failed that test and was under theinfluence of alcohol. Defendant refused to perform any additionalfield sobriety tests and also refused a breathalyzer test. WhenOfficer Graham asked, Defendant admitted that he had beendrinking earlier.
 {¶ 20} The totality of all these facts and circumstances wassufficient to give rise to probable cause to arrest Defendant forOMVI. The trial court did not err when it found that the arrestof Defendant was lawful and overruled his motion to suppress theevidence.
 {¶ 21} The assignment of error is overruled. The judgment ofthe trial court will be affirmed.
 Judgment affirmed.
 Fain, P.J., and Young, J., concur.